United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10237
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LESTER HENRY ROBINSON,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:92-CR-365-27-D
---------------------

Before JONES, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

In 1993, Lester Henry Robinson, federal prisoner # 23967-077, was convicted following a guilty plea of conspiracy to possess with intent to distribute at least 5 kilograms of cocaine and at least 50 kilograms of cocaine base (crack) and sentenced to a life term of imprisonment. Robinson appeals the district court's dismissal, for lack of jurisdiction, of his FED. R. CRIM. P. 35(a) motion, challenging the drug quantity attributable to him for sentencing purposes and his life term of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Contrary to Robinson's argument, because Robinson's conspiracy offense continued well after November 1, 1987, the version of FED. R. CRIM. P. 35(a) applicable to offenses committed after that date applies.  Cf. United States v. White, 869 F.2d 822, 826 (5th Cir. 1989) (holding that the Sentencing Guidelines, effective November 1, 1987, applied to case in which conspiracy offense continued after effective date of the Guidelines). Because Robinson's FED. R. CRIM. P. 35(a) motion was not filed within seven days of sentencing, the district court properly dismissed the motion for lack of jurisdiction.  See FED. R. CRIM. P. 35(a); United States v. Lopez, 26 F.3d 512, 518-20 & n.8 (5th Cir. 1994).

AFFIRMED.